IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| REBECCA PEAK, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 08 C 784 |
| | ) | |
| v. | ) | Judge Lefkow |
| | ) | |
| AUNT MARTHA'S YOUTH SERVICE CENTER, | ) ) | Magistrate Judge Denlow |
| | ) | Jury Trial Demanded |
| Defendant. | ) | |

**PLAINTIFF'S MOTION FOR FEES AND COSTS PURSUANT TO RULE 4(d)**

Plaintiff, Rebecca Peak, by and through her attorneys, Pedersen & Weinstein LLP, hereby moves for an award of fees and costs pursuant to Fed. R. Civ. P. 4(d) and states the following in support thereof:

1.  Plaintiff filed this lawsuit on February 6, 2008, after exhausting her administrative remedies by filing charges with the United States Equal Employment Opportunity Commission ("EEOC").

2.  Defendant's Counsel, Cheri Costa of Berry K. Tucker & Associates, represented Defendant throughout the EEOC investigation. Defendant's counsel also represented Defendant throughout the proceedings with the Illinois Department of Employment Security in which Defendant contested (unsuccessfully) Plaintiff's application for unemployment compensation benefits. Further, on behalf of Defendant, Defendant's counsel accepted Plaintiff's request for a copy of her personnel file, pursuant to the Illinois Personnel Record Review Act.

3.  Defendant's counsel confirmed its representation of Defendant by letter to Plaintiff's counsel dated February 16, 2007, stating: "This firm represents Aunt Martha's in the [Rebecca Peak / Aunt Martha's Youth Service Center, Inc.] matter."  (See letter from Cheri

Costa to Erika Pedersen dated February 16, 2007, attached as Exhibit A). Since that time, Defense counsel has been actively involved in this litigation, including exchanging several communications with Plaintiff's counsel and submitting three position statements to the EEOC on behalf of Defendant.

4. Given Plaintiff's counsel's knowledge that Cheri Costa and her firm represent Defendant, on February 6, 2008, pursuant to Fed. R. Civ. P. 4(d)(1), Plaintiff sent by first-class mail to Defendant's counsel a copy of the Complaint, two copies of Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of Waiver of Service of Summons ("waiver"), and a stamped, self-addressed return envelope for Defendant to return the signed waiver. (Copies of the materials sent to Defense counsel, with the exception of the Complaint and the return envelope, are attached as Exhibit B). Plaintiff requested that Defendant return the signed waiver within 30 days.

5. By March 7, 2008, 30 days after Plaintiff's counsel sent the waiver materials to Defense counsel described above, Plaintiff's counsel had not received the signed waiver from Defendant. Accordingly, on March 7, 2008, Plaintiff's counsel called Defense counsel and left a message inquiring about the status of the waiver, and wrote a letter stating that Plaintiff would agree to a one-week grace period. (See letter from Erika Pedersen to Cheri Costa dated March 7, 2008, attached as Exhibit C). Plaintiff's counsel also stated that if the waiver was not returned by March 14, 2008, she would arrange for formal service of summons and then ask the Court to order Defendant to bear the costs of such service.

6. Plaintiff received no response to the foregoing message or letter. Accordingly, on March 14, 2008, Plaintiff's counsel called Defense counsel and left another message inquiring about the status of the waiver and asking whether Defense counsel no longer represented Defendant. Plaintiff's counsel also wrote to Defense counsel on March 14 stating that her

understanding is that they continued to represent the Defendant, but if she was incorrect, to let her know immediately; otherwise she would assume that they continued to represent Defendant. (See letter from Erika Pedersen to Berry Tucker and Cheri Costa dated March 14, 2008, attached as <u>Exhibit D</u>).

7. Plaintiff's counsel received no response to her messages and letters, so arranged for formal service to made on Defendant. The Complaint was served on Defendant a few days later, on March 21, 2008.

8. On March 19, 2008, Defense counsel wrote Plaintiff's counsel a one-sentence letter stating that "this firm is not authorized to accept service of process in [sic] behalf of Aunt Martha's Youth Service Center, Inc. regarding the Peak matter." (See letter from Berry Tucker to Erika Pedersen dated March 19, 2008, attached as <u>Exhibit E</u>).

9. On April 18, 2008, Defense counsel wrote to Plaintiff's counsel stating that "Aunt Martha's Youth Service Center, Inc. has now designated this firm as Attorney of record in reference to the above matter." (See letter from Berry Tucker to Erika Pedersen dated April 18, 2008, attached as <u>Exhibit F</u>).[1]

10. At no time since their February 16, 2007 correspondence did Defense counsel inform Plaintiff's counsel that they no longer represented Defendant, despite Plaintiff's counsel's specific request for clarification given their failure to return the waiver forms. To the contrary, it is evident that Defense counsel has continuously represented Defendant throughout this matter.

11. Fed. R. Civ. P. 4(d)(1) states that Defendant "has a duty to avoid unnecessary expenses of serving the summons." Plaintiff fully complied with the notice and request requirements for waiver of service, but Defendant failed to return the waiver without good cause.

---

[1] Defense counsel also inexplicably asked for copies of any court orders that had been entered in the case, but Plaintiff's counsel had already informed Defense counsel of all court orders.

Accordingly, pursuant to Fed. R. Civ. Pro. 4(d)(2), "the court must impose on the defendant: (A) the expenses later incurred in making service; and (B) the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses."

12.     Defendant had no good cause for refusing to return the waiver. Fed. R. Civ. P. 4(d)(1)(A)(ii) allows for the waiver forms to have been sent to "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process."  Here, Plaintiff served the waiver forms on Defendant's attorneys who have actively represented Defendant for more than a year in this litigation and have acted as Defendant's agent throughout that time.  Defendant simply failed to fulfill its duty to avoid unnecessary expense and made Plaintiff incur unnecessarily the cost of arranging formal service of summons.

13.     Defendant's tactics should not be rewarded.  Accordingly, Plaintiff respectfully requests that Defendant be ordered to pay the costs of service, as well as her attorneys' fees incurred in connection with this motion.

                                        Respectfully submitted,

                                        */s/ Erika Pedersen*

Erika Pedersen
Jill Weinstein
**PEDERSEN & WEINSTEIN LLP**
309 W. Washington
Suite 1200
Chicago, IL  60606
(312) 855-1200
(312) 855-1207 (facsimile)

4

**CERTIFICATE OF SERVICE**

      I hereby certify that on May 1, 2008, a copy of the foregoing *Plaintiff's Motion for Fees and Costs Pursuant to Rule 4(d)* was filed electronically.  I further certify that on May 1, 2008, I caused a true and correct copy of the attached *Plaintiff's Motion for Fees and Costs Pursuant to Rule 4(d)* to be served via facsimile and U.S. mail upon the following:

Berry K. Tucker, Esq.
Cheri L. Costa, Esq.
Berry K. Tucker & Associates, Ltd.
5210 W. Ninety Fifth Street
Oak Lawn, IL  60453
Facsimile:  (708) 425-2454


                          */s/Erika Pedersen*
                          Erika Pedersen










Erika Pedersen
Jill Weinstein
**PEDERSEN & WEINSTEIN LLP**
309 W. Washington
Suite 1200
Chicago, Illinois 60606
(312) 855-1200 telephone
(312) 855-1207 facsimile