## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 784 | **DATE** | 5/6/2008 |
| **CASE TITLE** | Rebecca Peak vs. Aunt Martha's Youth Service Center | | |

**DOCKET ENTRY TEXT**

Motion hearing held. Plaintiff's motion for fees and costs pursuant to Rule 4(d) [15] is denied. *See Statement below.*

■[ For further details see text below.]   Notices mailed by Judicial staff.

00:04

### STATEMENT

    Plaintiff, Rebecca Peak, moves pursuant to Fed. R. Civ. P. 4(d) for an award of fees and costs incurred in serving defendant, Aunt Martha's Youth Service Center, as well as in preparing her motion, based on Aunt Martha's failure to waive formal service. Peak's motion [#15] is denied.

    This is an employment discrimination case. According to exhibits filed with Peak's motion, Attorney Cheri Costa of Berry K. Tucker & Associates represented Aunt Martha's in the proceedings between the parties before the EEOC. On February 6, 2008, based on a belief that Costa and her firm represented Aunt Martha's for all purposes related to the matter, Peak sent a request for waiver of service of summons and accompanying materials to Costa. Despite further inquiries, Peak did not receive a response from Costa or Aunt Martha's until she received a letter from Berry Tucker, dated March 19, 2008, stating that "this firm is not authorized to accept service of process [on] behalf of Aunt Martha's Youth Service Center, Inc. regarding the Peak matter." Ex. E to Motion. Peak arranged for formal service to be made on Aunt Martha's, which was effected on March 21, 2008. Tucker wrote to Peak again on April 18, 2008, stating that "Aunt Martha's Youth Service Center, Inc. has now designated this firm as Attorney of record in reference to [this case]." Ex. F to Motion.

    Peak moves for fees and costs based on Aunt Martha's failure to waive service of process. Under Rule 4(d)(1),

"[a]n individual, corporation, or association that is subject to service under Rule 4(e), (f), or (h) has a duty to avoid unnecessary expenses of serving the summons. The plaintiff may notify such a defendant that an action has been commenced and request that the defendant waive service of a summons. The notice and request must: (A) be in writing and be addressed: ... (ii) *for a defendant subject to service under Rule 4(h), to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive*

**STATEMENT**

*service of process....*"

Fed. R. Civ. P. 4(d)(1) (Emphasis added.) If a defendant located within the United States "fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant: (A) the expenses later incurred in making service; and (B) the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses." Fed. R. Civ. P. 4(d)(2).

As referenced in Rule 4(d)(1) and Rule 4(h)(1)(B), an association may be served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent *authorized by appointment or by law to receive service of process* and – if the agent is one authorized by statute and the statute so requires – by also mailing a copy of each to the defendant." Fed. R. Civ. P. 4(h)(1)(B) (Emphasis added.) Courts in this circuit have interpreted this rule as requiring the agent to have specific authority to receive service of process. *Guess? Inc.* v. *Chang*, 163 F.R.D. 505, 507-08 (N.D. Ill. 1995) ("In order for service on an attorney to constitute proper service on a party, the attorney must be specifically authorized by the defendant to perform that particular task."); *see also Oncology Therapeutics Network Joint Venture L.P.* v. *Olympia Fields Internal Medicine Assoc., S.C.*, 2003 WL 21183580, at *2 (N.D. Ill. May 15, 2003). *Guess?* relies on *Schultz* v. *Schultz*, 436 F.2d 635, 636-37 (7th Cir. 1971), where the Seventh Circuit held that even though an attorney had represented the defendant in a closely related state court action and had been given a broad power of attorney to act on his behalf, without specific evidence that the attorney was authorized to accept service in the federal action, service on him was not effective. The *Schultz* court in turn cited Moore's Federal Practice, which stated, "The phrase 'an agent authorized by appointment to receive service of process' is intended to cover the situation where an individual actually appoints an agent for that purpose." 436 F.2d at 637 (citing 2 Moore's Fed. Prac. (2d ed.) Sec. 4.12). The court also considered the argument that an attorney could have apparent authority to receive service in some situations but called that assumption "dubious." *Id*. As noted in *Guess?* and *Debartolo* v. *Plano Molding Co.*, 2002 WL 1759811, at *2 (N.D. Ill. July 29, 2002), even if apparent authority could suffice, "apparent authority for which the principal may be liable must be traceable to him and cannot be established by the acts or conduct of the agent." Here, Peak has cited only acts and representations of Costa and her firm and not any of Aunt Martha's.

Because Peak has failed to show that Costa or her firm were authorized agents to accept service of process for Aunt Martha's, her notice and request were ineffective under Rule 4(d)(1) and Rule 4(h)(1)(B). Therefore, her motion for fees and costs must be denied.