

### IN THE UNITED STATED DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| REBECCA PEAK, ) | |
| ) | |
| Plaintiff, ) | Case No. 08 C 784 |
| ) | |
| v. ) | Judge Lefkow |
| ) | |
| AUNT MARTHA'S YOUTH ) | Jury Trial Demanded |
| SERVICE CENTER, ) | |
| ) | |
| Defendant. ) | |

### STIPULATED PROTECTIVE ORDER

This Order being agreed to by all of the parties to this action and the Court being fully advised in the premises;

IT IS HEREBY ORDERED THAT:

1. During the course of these proceedings, it will be necessary to review certain documents contained in Plaintiff's personal files, some or all of which may be highly personal, confidential and sensitive in nature. These documents include Plaintiff's financial records and/or medical records.

2. During the course of these proceedings, it will be necessary to review certain Defendant-employer documents, some or all of which maybe highly personal, confidential and sensitive in nature. These documents include personnel records and/or documents pertaining to Defendant's employees' earnings, and other non-public materials.

3. Either party may designate as "Confidential" any information, documents, and/or other materials, which they believe in good faith contain private, confidential, sensitive, non-public, and/or privileged information by notifying opposing counsel of the designation

specific to the information, document(s), or material(s). All documents clearly marked with the word "Confidential," and all documents, written responses to interrogatories or questions, transcripts, or portions of transcripts otherwise clearly identified as such by a party or its counsel in this Litigation, shall be subject to this Protective Order.

4. If any party seeks to designate additional categories of documents as Confidential, it will be the burden of the party seeking protected status to move for a Court Order designating the material as confidential after the parties confer in good faith.

5. The documents referred to and described in Paragraphs 1, 2 and 3 above as well as the information contained in such documents shall be considered to be "confidential" for purposes of this Order, and, when so designated, shall be subject to limited disclosure.

6. Documents or information designated as confidential in accordance with this Order shall be used solely for purposes of the instant action and, unless the Court rules otherwise, shall not be disclosed or revealed to any person other than (a) counsel of record in this action and the staffs of their respective law firms; (b) a party to this action; (c) any person retained by a party to furnish expert services or advice or to give expert testimony in this action; (d) any insurance companies and their respective representatives or agents for which any insurance company may be liable to satisfy all or part of a possible judgment in this action or to indemnify or reimburse for payments made to satisfy the judgment; (e) deponents during the course of their depositions, on the condition that the deponent be first made aware of this Order and agree to be bound by it, on the record; (f) the Court; (g) Court Reporters; and (h) any other person who may be designated as qualified to receive confidential documents or information by further order of this Court. Counsel must require any of the persons listed in this paragraph sections (b) through (e) and (h) to read this Stipulated Protective Order and to

execute Exhibit A. The party or attorney who discloses, delivers, or makes available the confidential materials to the person shall retain all executed agreements in the form of Exhibit A evidencing such an undertaking(s) and shall turn over all such executed agreements to the other party's attorney at his or her request within six (6) months after the conclusion of this litigation

7. The contents of Confidential material subject to this Stipulation may be referred to and used in pleadings, briefs, or memoranda filed in this Court, and the Confidential material may be made exhibits to such pleadings, briefs or memoranda, provided, however, that such Confidential materials do not contain social security numbers or personal medical information of the Plaintiff or of Defendant's employees. If a party wishes to file with the Court a document containing such information, that party may redact such information with a notation that such information has been redacted.

8. No document treated as confidential under this protective order may be filed under seal with the court in reference to a dispositive motion or submitted as evidence at trial under seal, unless the court, on separate motion for good cause shown, grants leave to file or submit into evidence such documents under seal.

9. Interrogatory answers may be designated as confidential by marking the word "confidential" on the cover page of the answers and designating which of the answers are confidential.

10. To the extent that either of the parties seeks to use or otherwise refer to confidential documents or information in any deposition, that deposition also shall be subject to the terms of this Order. If documents or information designated as confidential are introduced or referenced in any deposition, the relevant deposition transcript shall be sealed pending

further order of this Court.

11. If any party desires to contest the confidential designation of documents or information produced or exchanged pursuant to this Order, that party shall give written notice to opposing counsel of its basis for challenging the designation, in whole or in part. If any such dispute cannot be resolved by agreement within 21 days of receipt of such written notice, the party claiming the confidential designation shall file a motion with the Court requesting clarification of the question of confidentiality. The disputed documents or information shall be treated as confidential pending further order of court, provided that a motion confirming the designation is made within the stated 14-day period. If no timely motion is made, at the expiration of that period, the disputed documents or information shall no longer be deemed to be confidential.

12. The restrictions set forth in any of the preceding paragraphs shall not apply to information or material that was, is, or becomes public knowledge in a manner other than by violation of this Order.

13. Within 120 days after entry of a final order concluding this litigation, all documents produced by a party and designated as confidential shall be destroyed, returned to the producing party, or retained by counsel in the same manner as other files from closed cases are maintained by counsel, at the discretion of the non-producing party's counsel.

14. Nothing herein shall prohibit either party or an interested member of the public from seeking an Order that designated Material is not entitled to "Confidential" treatment or that otherwise affects the treatment of the Material.

15. The provisions of this Order and of any other or further protective orders entered in this action restricting the disclosure and use of confidential documents or information shall

continue to be binding on the parties, their counsel, and their experts after the conclusion of this litigation.

16. Nothing in this order shall be construed to affect the admissibility of any document, material or information at any trial or hearing. Any request for confidentiality, closure or sealing of any hearing or trial must be made to the judge then presiding.

17. Nothing herein is intended to reflect the position of any party or the Court on the admissibility of any document. No evidentiary objections are waived.

18. Any party found by a court of competent jurisdiction to have willfully breached this confidentiality agreement shall be responsible for all damages sustained by the non-breaching party in addition to all attorneys' fees, costs and expenses incurred by the non-breaching party in filing suit or taking other necessary action to remedy the alleged breach and seek redress.

Respectfully submitted,

/s/ Cheri Costa
Berry Tucker
Cheri Costa
Tucker & Associates, Ltd.
5210 West 95th Street
Oak Lawn, IL 60453
(708) 425-9530
(708) 425-2454 (facsimile)
Counsel for Defendant

/s/ Erika Pedersen
Erika Pedersen
Jill Weinstein
Pedersen & Weinstein LLP
309 W. Washington, Suite 1200
Chicago, IL 60606
(312) 855-1200
(312) 855-1207 (facsimile)
Counsel for Plaintiff

ENTER:

Date: JUL 14 2008

JOAN HUMPHREY LEFKOW
United States District Judge

5

Exhibit A

## IN THE UNITED STATE DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISOIN

| | | |
|---|---|---|
| REBECCA PEAK, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 08 C 784 |
| | ) | |
| v. | ) | Judge Lefkow |
| | ) | |
| AUNT MARTHA'S YOUTH | ) | Jury Trial Demanded |
| SERVICE CENTER, | ) | |
| | ) | |
| Defendant. | ) | |

### AGREEMENT CONCERNING STIPULATED PROTECTIVE ORDER

Having read the STIPULATED PROTECTIVE ORDER entered on July [__], 2008 in the above-captioned action, the undersigned hereby acknowledges and agrees that he or she understands its terms and restrictions and agrees to be bound thereby. The undersigned further agrees not to reveal any information designated as "Confidential" to anyone other than those specified in Paragraph [6] of the Stipulated Protective Order and agrees to use information designated as "Confidential" solely for the purposes of this Litigation.

I further consent to the exercise of personal jurisdiction over me by the U. S. District Court for the Northern District of Illinois and the service of process in any proceeding regarding this Stipulated Protective Order by any form of delivery requiring a signed receipt.

By: _____

Name: _____                    Date: _____